FRICK and others *v.* CLEMENTS and others.

*(Circuit Court, S. D. Georgia, W. D.    1887.)*

1. UNITED STATES COURTS—PLEADING—SET-OFF.
     A set-off may be pleaded as a defense to an action brought in the United States courts in any state where that plea is permissible by the laws of the state.
2. SAME—REPLY TO SET-OFF.
     It is not, in the courts of the United States, a proper reply to a set-off showing a moneyed indebtedness to the defendant, for the plaintiff to show that the defendant has personal property in his possession belonging to the plaintiff, which the defendant will not restore to the plaintiff.

*(Syllabus by the Court.)*

At Law.
*Lanier & Anderson,* for plaintiffs.
*Bacon & Rutherford,* for defendants.

SPEER, J.    Frick & Co. have brought suit against Clements and others as principals, and M. J. Hatcher & Co. as indorsers, on two promissory notes for about $375 each.    The makers of the notes make no defense.    Hatcher & Co. defend on the ground that Frick & Co. are indebted to them for various sums, growing out of certain cross-obligations arising under the contract by which Hatcher & Co. became indorsers for Clements and others.

Now, this is an action at law, and a set-off is permissible.    In *Partridge v. Insurance Co.,* 15 Wall. 573, it is distinctly held by the supreme court of the United States that a set-off may .be pleaded as a defense to an action brought in the United States courts in any state where that plea is permissible by the laws of the state, and set-off is a familiar plea in Georgia.    It is sought, however, to reply to the plea of set-off, (evidence in support of which, if worthy of belief, presents distinct matters of indebtedness on the part of the 'plaintiffs to the defendants Hatcher & Co.,) by replying that the defendants Hatcher & Co. have in their possession, under the same contract, certain engines and other personal property belonging to the plaintiffs, which they refused to deliver to plaintiffs; and it is sought to oppose the value of these engines to the set-off which Hatcher & Co. have proven.    Necessarily that involves the idea of unliquidated damages depending on tortious conduct.    If this

had been a suit in equity, and the allegations were that Hatcher & Co. were insolvent, or that the plaintiffs could not recover damages from them for the improper custody and detention of their engines, there might be some propriety in this reply. It is, however, an equitable reply to a legal defense, and cannot, in the opinion of the court, be entertained at common law. It is not alleged that Hatcher & Co. are irresponsible, nor could such evidence be heard in an action at common law. The plaintiffs can bring their action against Hatcher & Co. for trover, and recover their engines, if they are entitled to do so. They may either recover the property itself, or its highest value, since it was wrongfully converted by Hatcher & Co. So it is not a proper reply to Hatcher & Co.'s claim for commissions, etc., that they refused to turn over these engines, and the evidence is excluded.

The plaintiffs thereupon took judgment against the maker of the notes, and dismissed the action as to Hatcher & Co.